Erwin and Another *v.* Bulla.

29 95<br>144 300

Jury.—Inspection of Property in Dispute.—Where the jury are sent to inspect the property in controversy, it is important that the requirement of the statute, that no one shall be permitted to speak to them upon the subject of the trial, should be carefully observed. And where, in violation of such an order of the court, one of the witnesses of the prevailing party was present and made a remark, in the hearing of some of the jurors, touching the case, and the verdict seemed to be founded upon a theory suggested by the remark, the judgment was reversed.

APPEAL from the *Wayne* Circuit Court.

Ray, J.—This was an action for unlawfully taking and converting, to the use of the appellants, the personal property of the appellee.

The subject matter of the controversy was two heifers, one of which, a roan, the appellee and his witnesses testified had the point of one of her horns broken off while yet a calf. By agreement of the parties, and under the order of the court, the animals were both produced on the public square for an examination by the members of the jury. The court directed that no one should be present at such examination with the jury but the parties and their counsel. Notwithstanding this order of the court, the jury, during the inspection of the cattle, were surrounded by a crowd of witnesses, and "a statement was made by one of the witnesses for the plaintiff, in the hearing of one or more of the jurors, to the effect that one or both of the horns of said roan heifer had been filed or scraped to disguise and conceal the place where the point had been broken." No such evidence had been introduced on the trial, and the defendants' affidavit is filed, in support of a motion for a new trial, in denial that any such means had been resorted to, or that the point of either of the horns had been broken. Affidavits of persons of skill in such matters are also filed, showing the impossibility of any such method being successfully used, and, from an inspection of the horns, stating that they were both perfect in form.

The finding was for the plaintiff. Section 328 of the code authorizes the jury, under the order of the court and in charge of a sworn officer, to inspect any property in dispute, and provides that while so engaged, no one but the person in charge of them shall speak with them on any subject connected with the trial. It is most important that this requirement should be carefully observed, and as we do not see how the jury could reach the finding rendered, except upon the theory suggested by the plaintiff's witness, we reverse the case, that no advantage may be received from a violation of the order of the court and the requirement of the statute.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*C. H. Burchenal,* for appellants.

*J. B. Julian* and *J. Perry,* for appellee.

